**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-31300
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WILLIAM HOWARD PENN, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
96-CV-60005-1

October 1, 1998

Before WISDOM, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

After a trial by jury, William Penn was found guilty of conspiracy to possess with the intent to distribute cocaine base (21 U.S.C. §§ 846 and 841(a)(2)); possession with the intent to distribute cocaine base (21 U.S.C. 841(a)(2)); and interstate travel in the aid of illegal activity (18 U.S.C. 1952(a)(3)). On direct appeal, Mr. Penn makes the following assignments of error: (1) the district judge abused his discretion by allowing the Government to introduce evidence of previous interstate drug transactions conducted by Mr. Penn without giving defense counsel the notice required by Rule 404(b) of the Federal Rules of Evidence, and (2) Mr. Penn's counsel at sentencing was ineffective in that he failed to object to a presentence investigation (PSI) that categorized his client as a career offender. The first assignment of error is without merit. The second assignment of error is improperly raised on direct appeal. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The appellant contends that the Government's introduction, without prior notice to the defense, of evidence that the appellant had committed previous interstate drug transactions violates Rule 404(b) of the Federal Rules of Evidence. The record clearly reflects that the defense had requested such notice, and that the Government had responded that no such evidence would be introduced. Later, at trial, prosecution witnesses repeatedly testified, over defense objections, that the appellant had taken part in numerous unindicted interstate drug transactions. The Government asserted that Count 3 of the indictment, alleging interstate travel in the aid of illegal activity, required the prosecution to prove a continuous business enterprise in narcotics trafficking, not just an isolated event. The Government further contended that as this evidence was necessary to prove an essential element of the crime charged, it was intrinsic evidence, and not subject to the provisions of Rule 404(b). We agree.

In deciding whether evidence of other bad acts is "intrinsic," and therefore not subject to Rule 404(b), we examine whether the evidence of the other act and the evidence of the crime charged are inextricably intertwined, or if both acts are part of the same criminal episode, or if the other acts were necessary preliminaries to the crime charged.[2] The appellant was indicted for interstate travel in aid of illegal activity, in violation of 18 U.S.C. 1952. To prove a statutory violation under this Act, the Government must prove the defendant engaged in a continuous enterprise; evidence of an isolated criminal act will not suffice as proof.[3] As the Government was statutorily required to prove other bad acts as part of a violation of 18 U.S.C. 1952, the evidence of these other bad acts is intrinsic to Count 3 of the indictment. As intrinsic evidence, it is beyond the scope of Rule 404(b), and the Government is not legally obligated to give the defense notice of intent to introduce such evidence.

The appellant also contends that his counsel at sentencing provided ineffective assistance, in violation of appellant's Sixth Amendment right to competent counsel. The appellant concedes that such a claim "generally cannot be addressed on direct appeal unless the claim has been presented to

---

[2] United States v. Morgan 117 F.3d 849, 861 (5th Cir. 1997)

[3] United States v. Roberson 6 F.3d 1088, 1094 (5th Cir. 1993).

the district court; otherwise there is no opportunity for the development of an adequate record on the merits of that serious allegation".[4] The appellant now asserts that the case at bar is an admittedly rare exception to that rule. In doing so, the appellant contends that the PSI given to the district judge over-represents the seriousness of his criminal history, and that defense counsel's failure to object on this issue constitutes ineffective assistance.

To prove ineffective assistance, an appellant must show that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability the results of the proceedings would have been different.[5] Appellant contends that the record alone is adequate in this case for this Court to make that determination. We disagree.

At the heart of this assignment of error is appellant's contention that had counsel objected to his client being labelled a career offender, the sentencing judge would have sustained the objection, and the sentence would be different. Clearly, the district judge has the authority to depart downward from the guidelines if he feels the "career offender" label over-represents the defendant's criminal history.[6] The question is, was the district judge in this case inclined to sustain such an objection had it been timely made? In this case the record is insufficient to provide an answer to that question. As the record alone does not provide adequate information to answer that question, we dismiss appellant's claim of ineffective assistance of counsel without prejudice, allowing the appellant the remedy provided by 28 U.S.C. 2255, so that a better informed court may rule on that claim. AFFIRMED.

---

[4] United States v. Fry 51 F.3d 543, 545 (5th Cir. 1995)

[5] Strickland v. Washington 466 U.S. 668, 104 S. Ct. 2055 (1984).

[6] United States v. Morgan 117 F.3d 849, 860 (5th Cir. 1997).